IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
IN ADMIRALTY
CASE NO.: _____

| | |
|---|---|
| FRATELLI D'AMATO SpA | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| PACTRANS AIR & SEA USA a/k/a PACTRANS AIR & SEA, INC. | ) ) ) |
| Defendant | ) **VERIFIED COMPLAINT** |
| and | ) ) |
| NORCA ENGINEERED PRODUCTS, LLC, NORCA EP, INC., AND NORCA ENGINEERED PRODUCTS, INC., | ) ) ) ) |
| Garnishees | ) ) ) |

Plaintiff Fratelli D'Amato SpA (hereinafter "Fratelli"), by its attorneys, Clark, Newton & Evans, P.A., as and for its Verified Complaint against Defendant Pactrans Air & Sea USA a/k/a Pactrans Air & Sea, Inc. (hereinafter "Pactrans"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h) in that it involves a claim relating to the breach of a maritime contract for the charter of an oceangoing cargo vessel and sums due in respect to the performance of that contract. As such, this case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

2. This Complaint is being filed to obtain security pursuant to Supplemental Admiralty Rule B in connection with an arbitration presently pending in London between Fratelli and Pactrans. Nothing in this Complaint should be deemed as a waiver of Fratelli's right to pursue arbitration.

The Parties

3. At all times material hereto, Plaintiff Fratelli was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a business address at Via Dei Fiorentini 21, 80133 Naples, Italy, and was the disponent owner of the M/V AOM MILENA, an ocean going vessel.

4. At all times material hereto, Defendant Pactrans was and still is a foreign business entity duly organized and existing under the laws of Illinois with an office and principal place of business at 951 Thorndale Avenue, Bensenville, Illinois 60106, and was the charterer of the M/V AOM MILENA.

5. Defendant Pactrans has no known office, business presence or agent(s) in the Eastern District of North Carolina.

6. Defendant Pactrans advertises and posts on its website that it has ongoing business relationships with various companies, including the below named Garnishees, each of whom is registered to do business and is subject to service of process in the Eastern District of North Carolina.

7. Garnishee **Norca Engineered Products LLC**, is a limited liability company organized and existing under the laws of the state of North Carolina, with principal office located at 8224 Creedmoor Rd, Suite 201, Raleigh, NC 27613-1397 and with a registered agent,

Corporation Creations Network, Inc., located at 15720 John J. Delaney Drive #300, Charlotte, N.C. 28277-1479.

8. Garnishee **Norca Ep., Inc.**, is a corporation organized and existing under the laws of the state of North Carolina, with principal office located at 8224 Creedmoor Rd, Suite 201, Raleigh, NC 27613-1397 and with a registered agent, Corporation Creations Network, Inc., located at 15720 John J. Delaney Drive #300, Charlotte, N.C. 28277-1479.

9. Garnishee **Norca Engineered Products, Inc.** is a corporation organized and existing under the laws of the state of North Carolina, with principal office located at 8224 Creedmoor Rd, Suite 201, Raleigh, NC 27613-1397 and with a registered agent, Corporation Creations Network, Inc., located at 15720 John J. Delaney Drive #300, Charlotte, N.C. 28277-1479.

The Underlying Dispute and Arbitration

2. Pursuant to a contract of charter party dated July 11, 2013, which is subject to English law, Plaintiff Fratelli let the vessel M/V AOM MILENA to Defendant Pactrans for a single voyage for the carriage of a full and complete cargo of about fifty thousand (50,000) metric tons of soya beans (about being 5% more or less in the Defendant Pactrans' option) from one safe port/berth at San Lorenzo, Argentina to one safe port/berth at Xiamen and Qingdao, China (hereinafter the "Charter"). A copy of the Charter is annexed hereto as Exhibit 1 and incorporated by reference herein.

3. Pursuant to the terms of the Charter, Plaintiff Fratelli duly delivered the vessel at San Lorenzo, Argentina on July 27, 2013, and tendered Notice of Readiness confirming the vessel's availability for loading of the cargo at the designated load port. (*See* Exhibit 2, copy of Notice of Readiness).

4. Contrary to Defendant Pactrans' obligations to timely provide a cargo for loading, the vessel remained idle at San Lorenzo, Argentina from the tender of Notice of Readiness on July 27, 2013 through the early part of December 2013.

5. Defendant Pactrans' failure to provide the cargo for loading in a timely fashion constituted an actual repudiatory breach and/or an anticipatory repudiatory breach under English law (the applicable law called for in the Charter), and that same failure to timely provide the cargo for loading resulted in an actual and/or inevitable delay(s) to the vessel which constituted a sufficient basis under English law for the frustration of the commercial purpose(s) of the Charter, thereby entitling Plaintiff Fratelli to withdraw and cancel the Charter, which it did on December 9, 2013.

6. As a consequence of the foregoing, Plaintiff Fratelli has suffered losses and/or will incur damages, as nearly as can now be estimated, associated with the breach and delay to the vessel, in the total sum of $2,950,000 consisting of damages/losses due to the non-performance of the Charter, and costs associated with the bunkers consumed during the period the vessel was idle, the need for hull cleaning, and other associated costs.

7. Plaintiff Fratelli has a good and arguable claim under English law for recovery of the sum identified in paragraph 20 above, and is presently pursuing Defendant Pactrans in London arbitration for that amount, together with a recovery of interest, costs and attorneys' fees, all of which are recoverable in London arbitration as an element of the claim.

8. Plaintiff Fratelli estimates, as nearly as can be calculated, that interest (for the period the case is estimated to run in arbitration – three years) will be $287,625 at the prevailing rate of 3.25%, and costs and attorneys' fees incurred in connection with the prosecution of the

claim in London arbitration (inclusive of arbitrators' fees which are also recoverable) will be $500,000.

9. As outlined above, the Charter provides for arbitration in London pursuant to English law, and this action is brought to obtain security in connection with Plaintiff Fratelli's claims for London arbitration.

10. Upon information and belief and after investigation, Plaintiff Fratelli submits that Defendant Pactrans cannot be "found" within this District for the purpose of an attachment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

11. Upon information and belief, Defendant Pactrans now has, or during the pendency of this action will have, property, goods, chattels, or credits and effects present within this District and Plaintiff is entitled to attach Defendant's property within the District pursuant to Supplemental Admiralty Rule B.

12. Upon information and belief, the named Garnishees, Norca Engineered Products LLC, Norca Ep., Inc, and Norca Engineered Products, Inc., now have, or during the pendency of this action will have, certain tangible or intangible goods, chattels, credits, freights, effects, debts, obligations, assets and/or funds belonging to, owed to, claimed by or being held for Defendant Pactrans within their custody or possession and/or under their control within this District.

13. Plaintiff Fratelli seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B attaching, inter alia, any property of Defendant Pactrans held by the aforesaid Garnishees or otherwise present in this District for the purpose of obtaining personal jurisdiction over Pactrans, and to secure Plaintiff Fratelli's claims as described above.

14. This Complaint is verified. <u>Exhibit 3</u> hereto.

WHEREFORE, Plaintiff Fratelli prays:

a.  That process in due form of law according to the practice of this Court issue against the Defendant Pactrans, citing it to appear and answer under oath all and singular the matters alleged;

b.  That to the extent Defendant Pactrans cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, all tangible or intangible property of the Defendant Pactrans up to and including the sum of $3,737,625 be restrained and attached, including but not limited to any cash, funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or any other property of or debt, belonging to, due to, from, or for the benefit of Defendant Pactrans (collectively "ASSETS"), including but not limited to such ASSETS as may be within the possession, custody or control of any garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.  That this Court retain jurisdiction over the matter while the arbitration proceeds for purposes of any subsequent enforcement action as may be necessary; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

WHEREFORE, plaintiff respectfully requests this Court to grant its motion.

                                            CLARK, NEWTON & EVANS, PA

Dated: March 5, 2014                By:    /s/ Don T. Evans, Jr.
                                                      Don T. Evans, Jr.
                                                      NC Bar 19003
                                                      Seth P. Buskirk
                                                      NC Bar 36664
                                                      Wilmington, NC   28401
                                                      (910) 762-8743
                                                      dte@clarknewton.com
                                                      spb@clarknewton.com
                                                      Attorneys for Plaintiff
                                                      Fratelli D'Amato   SpA